864 P.2d 324

**NEW MEXICO TAXATION AND REVENUE DEPARTMENT, Plaintiff–Appellant,**

v.

**L.R. GREAVES and Elizabeth Reifel, Defendants–Appellees.**

**No. 14131.**

Court of Appeals of New Mexico.

Oct. 26, 1993.

Tom Udall, Atty. Gen., Frank D. Katz, Sp. Asst. Atty. Gen., and Chief Counsel Taxation and Revenue Dept., Santa Fe, for plaintiff-appellant.

## OPINION

PICKARD, Judge.

This case presents the question of whether the state can tax Native Americans for income they earn while living and working on another tribe's reservation. In light of recent United States Supreme Court opinions, we expressly overrule *Fox v. Bureau of Revenue*, 87 N.M. 261, 531 P.2d 1234 (Ct.App.), *certs. denied*, 88 N.M. 318, 540 P.2d 248 (1975) *and* 424 U.S. 933, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976), and hold that such income is taxable.

Appellee Greaves is an enrolled member of the Rosebud Sioux Native American Tribe. In 1989, Greaves was employed by the Jicarilla Apache Tribe as Chief Judge of the Jicarilla Tribal Court. Greaves also lived on the Jicarilla Reservation during his employment. Appellees, who jointly filed their 1989 state personal income tax returns, deducted the amount Greaves earned that year as judge for the Jicarilla Court. Although this deduction was initially granted by Appellant Taxation and Revenue Department, the Department subsequently notified Appellees of an adjustment and requested a repayment of $796. The adjustment was based on the Department's claim that Appellees were not entitled to deduct Greaves's judicial income. Appellees protested the adjustment, and a Department hearing officer ruled in their favor. The Department appeals from that ruling.

The Department's hearing officer based his ruling on our holding in *Fox*. *Fox* presented us with exactly the same issue as the present case, and in forming the *Fox* opinion we relied upon *McClanahan v. Arizona State Tax Commission*, 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973). In *McClanahan*, the United States Supreme Court held that the state of Arizona had no jurisdiction to tax the income of Navajo Indians who resided on the Navajo Reservation and whose income was derived from reservation sources. *Id.* at 165, 179–80, 93 S.Ct. at 1258, 1266–67. In *Fox*, we read *McClanahan* to mean that the state has no jurisdiction to tax any Native American's income earned while living and working on any reservation land, regardless of tribal affiliation. *Fox*, 87 N.M. at 262–63, 531 P.2d at 1235–36.

Subsequent United States Supreme Court decisions, however, have proven our reading of *McClanahan* to be mistaken. For example, the Court has recently explained that the rationale behind *McClanahan* "does not apply to taxation of nonmembers, even where they are Indians." *Duro v. Reina*, 495 U.S. 676, 686, 687, 110 S.Ct. 2053, 2060, 2060, 109 L.Ed.2d 693 (1990); *see also Oklahoma Tax Comm'n v. Sac & Fox Nation*, — U.S. —, —, 113 S.Ct. 1985, 1990, 124 L.Ed.2d 30 (1993) (*McClanahan* held that "a State was without jurisdiction to subject *a tribal member* living on the reservation, and whose income derived from reservation sources, to a state income tax absent an express authorization from Congress") (emphasis added); *Washington v. Confederated Tribes*, 447 U.S. 134, 160, 100 S.Ct. 2069, 2085, 65 L.Ed.2d 10 (1980) ("Federal statutes, even given the broadest reading to which they are reasonably susceptible, cannot be said to pre-empt [the state of] Washington's power to impose its taxes on Indians not members of the Tribe.").

We have previously expressed doubt as to the continued validity of the holding in *Fox*. *See Blaze Constr. Co. v. Taxation & Revenue Dep't* (Ct.App.1993) [No. 12,120, slip op. at 2 (Sept. 2, 1993) ]. In light of the aforementioned federal holdings, and in light of the fact that United States Supreme Court opinions in this area are controlling, *see Oklahoma Tax Comm'n*, — U.S. at —, 113 S.Ct. at 1990; *Washington v. Confederated Tribes*, 447 U.S. at 160–61, 100 S.Ct. at 2084–85; *McClana-*

*han,* 411 U.S. at 165, 179–80, 93 S.Ct. at 1258, 1266–67, we now expressly overrule *Fox* and hold instead that the income earned by Native Americans on reservations of which they are not tribal members is taxable by the state.

Accordingly, the decision of the Department is reversed.

IT IS SO ORDERED.

BIVINS and FLORES, JJ., concur.