873 P.2d 274

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**James PENA, Defendant–Appellant.**

**No. 14824.**

Court of Appeals of New Mexico.

March 11, 1994.

Tom Udall, Atty. Gen., Max Shepherd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

David R. Yepa, Peter C. Chestnut, Ann Berkley Rodgers, Albuquerque, for defendant-appellant.

## OPINION

PICKARD, Judge.

This case presents the question of whether the State has criminal jurisdiction over a Native American accused of committing a crime on another tribe's reservation. We hold that the State has no such jurisdiction under the circumstances of this case.

Defendant is an enrolled member of the San Ildefonso Pueblo. In February 1993, Defendant was stopped by a state patrol officer on State Highway 84–285, Milepost 173, and was charged with various misdemeanor traffic offenses. Milepost 173 is within the reservation of another tribe, the Tesuque Pueblo. Defendant was cited into state magistrate court.

The magistrate court denied Defendant's motion to dismiss for lack of subject matter jurisdiction. On appeal, the district court, finding jurisdiction over Defendant in state court, granted the State's motion to dismiss the appeal and ordered the case back to magistrate court for enforcement of its sentence. Defendant appeals to this Court from that order.

"Generally, New Mexico lacks jurisdiction to prosecute criminal charges against Indians for offenses committed within the boundaries of an Indian reservation except where such jurisdiction has been specifically granted by Congress or sanctioned by a decision of the United States Supreme Court." *State v. Ortiz*, 105 N.M. 308, 310, 731 P.2d 1352, 1354 (Ct.App.1986). Although Congress has given its consent to any state assuming, with the consent of the affected tribe, criminal jurisdiction over Native Americans committing crimes on the tribe's land, *see* 25 U.S.C.A. § 1321(a) (1983), we are not aware of the Tesuque Pueblo's having given such consent. Nor are we aware of the State's having elected to assume jurisdiction. *See Ortiz*, 105 N.M. at 312, 731 P.2d at 1356. In fact, the State concedes on appeal that state courts lack jurisdiction.

The district court, however, apparently based its decision on the United States Supreme Court's opinion in *Duro v. Reina*, 495 U.S. 676, 110 S.Ct. 2053, 109 L.Ed.2d 693 (1990). In addressing the question of whether a tribe had criminal jurisdiction over a non-member Native American accused of killing a boy on the tribe's reservation, the *Duro* Court held that the tribe's powers to govern its own affairs did not include the authority to impose criminal sanctions against the non-member defendant. *Id.* at 679, 110 S.Ct. at 2056. However, in addressing the potential jurisdictional problems of its decision, the Court also stated that "[i]f the present jurisdictional scheme proves insufficient to meet the practical needs of reservation law enforcement, then the proper body to address the problem is Congress, which has the ultimate authority over Indian affairs." *Id.* at 698, 110 S.Ct. at 2066.

Very soon after *Duro* was decided, Congress did in fact address the issue by amending the Indian Civil Rights Act. Specifically, Congress amended the definition of tribal

**530**

"powers of self-government" to mean, inter alia, "the inherent power of Indian tribes, hereby recognized and affirmed, *to exercise criminal jurisdiction over all Indians*." 25 U.S.C.A. § 1301(2) (Supp.Pamp.1993) (emphasis added). We believe it is clear, therefore, that Congress has now specifically granted criminal jurisdiction to a given tribe over all Native Americans committing crimes on its land. We also believe that the amended language effectively overturned the holding in *Duro,* which was based on "the view that inherent tribal jurisdiction extends to tribe members only." *Duro,* 495 U.S. at 691, 110 S.Ct. at 2063; *Mosseaux v. United States Comm'r of Indian Affairs,* 806 F.Supp. 1433, 1439 (D.S.D.1992).

As there has been no consent given by the Tesuque Pueblo to the State to exercise criminal jurisdiction, as there has been no election by the State to assume jurisdiction over Indian country, and as the *Duro* decision sanctioning state jurisdiction has been overturned by appropriate legislation, we hold that the State lacks criminal jurisdiction to prosecute Native Americans for offenses they commit on another tribe's reservation under the facts of this case. *See Ortiz,* 105 N.M. at 310, 731 P.2d at 1354. We also note, however, that our holding extends only to criminal jurisdiction in accordance with the specific language of Section 1301(2) and not to civil jurisdiction. *See New Mexico Taxation & Revenue Dep't v. Greaves,* 116 N.M. 508, 864 P.2d 324 (Ct.App.1993) (state can tax income earned by Native Americans on reservation of tribe of which they are not members); *Wacondo v. Concha,* 117 N.M. 530, 873 P.2d 276 (Ct.App.1994) (N.M.Ct. App., filed this day) ].

Accordingly, we hold that the State has no criminal jurisdiction over this Defendant. We reverse the district court's order and remand with instructions to dismiss the charges against Defendant.

IT IS SO ORDERED.

MINZNER, C.J., and APODACA, J., concur.